Hamid R. Rafatjoo (SBN 181564)
**RAINES FELDMAN LLP**
1800 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone:  (310) 440-4100
Facsimile:  (310) 691-1367
Email:  hrafatjoo@raineslaw.com

Carollynn H.G. Callari (*Pro Hac Vice*)
David S. Forsh (*Pro Hac Vice*)
**RAINES FELDMAN LLP**
One Rockefeller Plaza, 10th Floor
New York, NY 10020
Email:  ccallari@raineslaw.com
         dforsh@raineslaw.com

*Counsel for the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>VITALY IVANOVICH SMAGIN,<br><br>Debtor in a Foreign Proceeding. | Case No. 2:21-bk-15342-BB<br><br>Chapter 15<br><br>**FIRST STATUS REPORT**<br><br>Judge: Hon. Sheri Bluebond<br>Date: September 15, 2021<br>Time: 11:00 a.m. (PT)<br>Place:  Via Videoconference |

Evgeniy Nikolaevich Ratnikov, as the Foreign Representative in this Chapter 15 case ("**Mr. Ratnikov**" or the "**Foreign Representative**"), hereby files this First Status Report (this "**Status Report**") in accordance with the Court's *Order Granting Relief in Aid of a Foreign Main Proceeding Pursuant To 11 U.S.C. § 1521*, dated August 13, 2021 [Dkt. No. 84] (the "**Additional Relief Order**").

## BACKGROUND

On June 30, 2021, Mr. Ratnikov filed with the Court, a petition ("**Chapter 15 Petition**") for recognition of the ongoing liquidation proceeding against Vitaly Ivanovich Smagin ("**Mr. Smagin**" or the "**Debtor**") in the Arbitration Court of the City of Moscow (the

"**Russian Proceeding**") under Federal Law No 127-FZ "On Insolvency (Bankruptcy)" (the "**Russian Bankruptcy Law**") as a foreign main proceeding under the Bankruptcy Code.

By Order dated July 30, 2021 [Dkt. No. 50] (the "**Recognition Order**"), the Court granted recognition of the Russian Proceeding and Mr. Ratnikov as the duly appointed foreign representative of the Russian Proceeding.

Following hearings held before the Court, on August 13, 2021, by the Additional Relief Order, the Court granted additional relief to the Foreign Representative, and directed the selection and appointment of an Independent Third-Party (as defined in the Additional Relief Order; referred to herein also as the "**ITP**") to administer the RICO Action and to be kept informed by the Foreign Representative regarding the other Subject Litigations as set forth in the Additional Relief Order.[1]  Pursuant to such order, the Foreign Representative is required to file monthly status reports prior to the 10th of each month.  This is the first status report.

### STATUS UPDATE

The following has transpired since entry of the Additional Relief Order:

A.    Pursuant to the Additional Relief Order, counsel for the Debtor and Foreign Representative conferred about the appointment of an Independent Third-Party, and the Debtor, in consultation with his counsel Baker & McKenzie, LLP ("**Baker**") selected SierraConstellation Partners, LLP ("**SCP**") to provide the services of SCP's Founder and Chief Executive Officer, Lawrence R. Perkins ("**Mr. Perkins**"), as the Independent Third-Party.  A *Joint Notice of Foreign Representative and Foreign Debtor regarding Appointment of the Independent Third-Party* [Dkt. No. 91] was filed with the Court on September 3, 2021.  SCP has selected Skadden, Arps, Slate, Meagher & Flom LLP ("**Skadden**") to serve as counsel for the Independent Third-Party.

B.    The Foreign Representative has been working in the Russian Proceeding to arrange for financing of fees and expenses for the ITP, including arranging for a meeting of the creditors to obtain approval of the initial retainer request made by the ITP in the amount of

---

[1]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Additional Relief Order.

2

$50,000. The meeting of creditors was held on September 8, 2021 and creditors approved the funding of the ITP's retainer request. However, due to the timing of the request for the retainer of the ITP's counsel in the additional amount of $100,000, that retainer has not yet been approved by the creditors. The Foreign Representative is continuing to work to arrange for such additional funding.

C. The Foreign Representative (and his counsel) has conferred with the Independent Third-Party (and his counsel) regarding, among other things, the background of this Chapter 15 case and the Subject Litigations as well as the Foreign Representative's confidential proposed strategy and next steps concerning the relevant Subject Litigations.

D. In an effort to identify assets that should be turned over to the Debtor in accordance with the U.S. Judgment, pursuant to section 1521(a)(4) of the Bankruptcy Code, counsel for the Foreign Representative has prepared and is in the process of serving discovery on Ashot Yegiazaryan as well as on certain other parties that may have relevant information concerning Mr. Yegiazaryan's assets or finances.

E. Counsel for the Foreign Representative has prepared a motion to be substituted for the Debtor, as Plaintiff, in the Enforcement Action. Pursuant to local court rules, the Foreign Representative must confer with the other parties before filing the motion and the Foreign Representative has initiated that process with Mr. Yegiazaryan and Mr. Smagin (through his counsel Baker). Baker has requested to confer next week. Counsel for the Foreign Representative will confer with Baker early next week to discuss Mr. Smagin's position. Mr. Yegiazaryan has responded he does not intend to object to the substitution motion. The ITP and his counsel are aware of this status.

F. There are no known deadlines upcoming during the next prospective 40 days relating to the Enforcement Action or Fraudulent Conveyance Action.

G. The Foreign Representative is monitoring the ongoing divorce and division of property proceedings between Mr. Yegiazaryan and his wife that are ongoing in California and in Russia, to protect against the dissipation of assets that could be used to satisfy Mr.

Yegiazaryan's obligations to Mr. Smagin. The Foreign Representative has filed a notice of lien in the California divorce proceeding to prevent such an occurrence and will continue to monitor, and will intervene if appropriate, in the California and Russian divorce proceedings.

H.   As noted in the Foreign Representative's *Notice Pursuant To 11 U.S.C. § 1518(2) Of Change Of Status Concerning The Commencement Of Another Foreign Proceeding* regarding the Debtor, filed with the Court on August 9, 2021 [Dkt. No. 68] (the "**1518 Notice**"), subsequent to the filing of the Chapter 15 Petition, a new foreign proceeding was commenced in the Principality of Liechtenstein against the Foreign Debtor (the "**Liechtenstein Proceeding**"). A true and correct English translation of the Princely Country Court for the Principality of Liechtenstein decision opening the Liechtenstein Proceeding, which was omitted from the 1518 Notice, is attached hereto as Exhibit A. The Foreign Representative challenged the commencement of the Liechtenstein Proceeding and appointment of a separate manager. The Princely Country Court for the Principality of Liechtenstein presiding over the Liechtenstein Proceeding recently denied the Foreign Representative's challenge. The Foreign Representative has since learned that the Liechtenstein Proceeding was initiated by persons affiliated with the Lionmoor Foundation, an entity established by and for the benefit of Mr. Smagin and to which he subsequently made the Unauthorized Receivables Transfer in violation of Russian law and the orders of the Moscow Court. The Foreign Representative reserves all rights with respect thereto.

Dated:   September 10, 2021                **RAINES FELDMAN LLP**

                                           By:   /s/ Hamid R. Rafatjoo
                                                 Hamid R. Rafatjoo
                                                 Carollynn H.G. Callari
                                                 David S. Forsh

                                           *Counsel for the Foreign Representative*

# EXHIBIT A

**AMTSBLATT**
FÜRSTENTUM LIECHTENSTEIN

Quelle: eAmtsblatt
Ausdruck vom
26.7.2021 11:25

Identifikationsnummer:    8258/2021

## 05 KO.2021.317, Vitaly Ivanovich Smagin

| 22.07.2021 | Landgericht | Bekanntmachungen nach der Insolvenzordnung | Seite 1 von 2 |

**Insolvenzedikt**

Aktenzeichen bitte immer anführen
05 KO.2021.317
ON 7

INSOLVENZEDIKT

Über Antrag der vertretungsbefugten Organe wird über das Vermögen des

**Vitaly Ivanovich Smagin, R-127006 Moskau, vertreten durch Matthias Emanuel Niedermüller, Werdenbergerwerg 11, FL-9490 Vaduz**

mit Beschluss des Fürstlichen Landgerichtes vom **21.07.2021** das Insolvenzverfahren (der Schuldnerin verbleibt die Eigenverwaltung nicht) eröffnet.

Die Rechtswirkungen dieser Insolvenzeröffnung treten am **23.07.2021**, das ist der Tag nach der Veröffentlichung des Insolvenzedikts im Amtsblatt, ein (Art 15 IO).

Zum Masseverwalter wird **Dr. Helene Rebholz, LL.M. 9490 Vaduz, Landstrasse 60, Postfach 343 (Tel.: + 423 220 20 00, Fax: +423 220 20 01, E-mail: rebholz@paragraph7.com** bestellt (Art 4 IO).

Begründung:

**Alle Gläubiger** von Vitaly Ivanovich Smagin werden aufgefordert, ihre Forde-rungen unter Angabe des Rechtsgrundes **bis längstens 01.09.2021** beim Insolvenzverwalter anzumelden und zwar unter genauer ziffernmässiger Angabe der Forderungen sowie der geltend gemachten Zinsen und die Belege zur Glaubhaftmachung ihrer Forderungen beizuschliessen. Ein entsprechendes Formular findet sich auf der Homepage des Landgerichtes (www.gerichte.li/Gebühren&Dienstleistungen/Insolvenz).

**Alle Aussoderungsberechtigten und Absonderungsläubiger** an einer Forderung auf Einkünfte aus einem Arbeitsverhältnisoder auf sonstige wiederkehrende Leistungen mit Einkommensersatzfunktion müssen ihre

Forderungen ebenfalls **bis längstens 01.09.2021** beim Insolvenzverwalter anmelden.

Gläubiger, die ihre Forderungen später anmelden, haben die dadurch verur-sachten zusätzlichen Kosten zu tragen und können früher geprüfte Forde-rungen nicht mehr bestreiten.

Die **allgemeine Prüfungstagsatzung** (Art. 63 IO) wird gemeinsam mit der **Berichtstagsatzung** (Art 89 IO) auf

**Mittwoch, 15. September 2021, 08:45 Uhr Verhandlungssaal 6**

beim Fürstlichen Landgericht, Spaniagasse 1, 9490 Vaduz, anberaumt.

Alle Gläubiger werden aufgefordert, zu dieser Tagsatzung die Belege zur Glaubhaftmachung ihrer Forderungen mitzubringen, soweit diese nicht bereits der Forderungsanmeldung beigeschlossen wurden.

Alle weiteren Veröffentlichungen betreffend dieses Insolvenzverfahren erfolgen im e-Amtsblatt (www.amtsblatt.llv.li).

Die Insolvenzeröffnung ist bei den Liegenschaften der Gemeinschuldnerin so-wie im FL Öffentlichkeitsregister, Pfändungsregister und in allen Registern, in denen Rechte des geistigen Eigentums ver-zeichnet sind, unter Ersichtlichmachung des Tages der Konkurseröffnung an-zumerken.

Verfügungen über Sendungen, Depots und Guthaben der Gemeinschuld-nerin und dergleichen sind nur mit Zustimmung des Masseverwalters zu voll-ziehen.

Fürstliches Landgericht
Vaduz, 21.07.2021



ВЕДОМСТВЕННЫЙ БЮЛЛЕТЕНЬ
КНЯЖЕСТВО ЛИХТЕНШТЕЙН

Перевод с немецкого языка на русский язык

Источник: Выписка из электронной версии ведомственного бюллетеня от 26.7.2021 г. 11:25

Идентификационный номер:    8258/2021

05   КО.2021.317,   Виталий   Иванович Смагин

22.07.2021 г.                Окружной суд            Опубликование после проведения конкурсного производства                Страница 1 из 2

Вердикт по делу о банкротстве

Просьба всегда указывать номер дела 05 КО.2021.317
Порядковый номер
7 ВЕРДИКТ ПО ДЕЛУ О БАНКРОТСТВЕ
По требованию органов, обладающих полномочиями представительства имущества

Виталия Ивановича Смагина, R-127006 Москва, в лице Матиаса Эмануэля Нидермюллера, Верденбергер 11, FL-9490 Вадуц

на основании решения Княжеского окружного суда от 21.07.2021 г. открыто производство по делу о банкротстве (несостоятельный должник не может самостоятельно управлять своей конкурсной массой).

Юридические последствия возбуждения дела о банкротстве вступают в силу 23.07.2021 г., то есть на следующий день после опубликования Вердикта по делу о банкротстве в Ведомственном бюллетене (статья 15 Положения о банкротстве).

Конкурсным управляющим назначен **Доктор Хелен Ребхольц, магистр права** 9490 Вадуц, Ландштрассе 60, почтовый ящик 343 (тел.: + 423 220 20 00, факс: -r423 220 20 01, эл. почта: rebholz@paragraph7.com (статья 4 Положения о банкротстве). Обоснование:
Всем кредиторам Виталия Ивановича Смагина необходимо зарегистрировать свои требования с указанием правовой основы у арбитражного управляющего не позднее 01.09.2021 г., а также указав точное количество требований, размер процентов и подтверждающие документы для достоверного обоснования своих требований. Соответствующий формуляр можно найти на домашней странице Окружного суда (www.gerichte.li/Gebühren&Dienstleistungen/Insolvenz).

Все взыскатели и кредиторы, имеющие право на выделение имущества из конкурсной массы и получения дохода от трудовых отношений или на другие периодические платежи, которые замещают им доход, должны зарегистрировать свои

| | | | |
|---|---|---|---|
| 22.07.2021 г. | В Окружной суд | Опубликование после проведения конкурсного производства | Страница 2 из 2 |

требования у арбитражного управляющего не позднее 01.09.2021 г.

Кредиторы, которые зарегистрируют свои требования позже, оплачивают дополнительные расходы самостоятельно и больше не смогут оспаривать претензии, которые ранее были рассмотрены.

Общая процедура слушания дела (ст. 63 Положения о банкротстве) утверждается совместно с процедурой рассмотрения отчета (ст. 89 Положения о банкротстве)

**в среду, 15 сентября 2021 г. 08:45 в зале заседания 6**

в Княжеском окружном суде, Шпаниагассе 1, 9490 Вадуц.

Всем кредиторам необходимо иметь в день слушания дела при себе доказательства, подтверждающие их требования, в случае, если они еще не были зарегистрированы в порядке предъявления требований.

Все остальные публикации, которые имеют отношение к конкурсному производству, будут размещаться в электронном Ведомственном бюллетене (www.amtsblatt.llv.li).

Возбуждения дела о банкротстве необходимо отметить в недвижимом имуществе должника, оказавшимся банкротом, а также в публичном реестре Княжества Лихтенштейн, реестре арестов и во всех реестрах, в которых зарегистрированы права интеллектуальной собственности с указанием точной даты возбуждения конкурсного производства.

Распоряжение отправлениями, вкладами и активами должника, оказавшегося банкротом и т.п. должно осуществляться лишь с согласия конкурсного управляющего.

Княжеский окружной суд г.
Вадуц, 21.07.2021 г.

Переводчик:  [подпись] Биймишев Ахмад Махмудович

Российская Федерация
Город Москва

**Двадцать седьмого июля две тысячи двадцать первого года**

Я, Вешнякова Юлия Владимировна, временно исполняющая обязанности нотариуса города Москвы Образцовой Елены Петровны, свидетельствую подлинность подписи переводчика Бийгишиева Атая Махмудовича.

Подпись сделана в моем присутствии.

Личность подписавшего документ установлена.

Зарегистрировано в реестре: № 37/202-н/77-2021-6- 1626

Уплачено за совершение нотариального действия: 400 руб. 00 коп.



Ю.В. Вешнякова



Всего прошнуровано, пронумеровано и скреплено печатью **4 (четыре)** листа

Врио нотариуса                Ю.В. Вешнякова



OFFICIAL JOURNAL
PRINCIPALITY OF LIECHTENSTEIN

Перевод с русского языка на английский язык

Translation from Russian into English

Translation from German into Russian

Identification number: 8258/2021

## 05 KO.2021.317, Vitalii Ivanovich Smagin

Source: Extract from the electronic version of the Official Journal dd. July 26, 2021 11:15

July 22, 2021          District Court          Published after the bankruptcy proceedings          Page 1 of 2

**Judgment on the bankruptcy case**

Please always quote the case No. 05 KO.2021.317
Serial No.

7 JUDGMENT ON THE BANKRUPTCY CASE

Upon request of bodies that have the authorities of representation of property of

Vitalii Ivanovich Smagin, R-127006 Moscow, represented by Mathias Emanuel Niedermüller, Werdenberger 11, FL-9490 Vaduz

On the basis of the decision of Principal District Court dd. July 21, 2021 the bankruptcy proceedings were initiated (the insolvent debtor cannot individually manage his bankruptcy assets).

The legal consequences of initiating a bankruptcy case become valid from July 23, 2021, which means on the next day after the Judgment on the bankruptcy case is published in the Official Journal (Article 15 of the Bankruptcy Regulations).

**Dr. Helen Rebholz, MJur**, is appointed as the bankruptcy manager (**9490 Vaduz, Landstrasse 60, PO box 343; tel.: + 423 220 20 00, fax: +423 220 20 01, e-mail: rebholz@paragraph7.com**); article 4 of the Bankruptcy Regulations. Justification: All creditors of Vitalii Ivanovich Smagin need to register their demands quoting legal basis with the arbitration manager on or before September 01, 2021, also quoting the accurate number of demands, interest rate and approving documents for the purpose of authentic justification of their demands. The corresponding form may be found on the homepage of the District Court (www.gerichte.li/Gebühren&Dienstleistungen/Insolvenz).

All the creditors that have the right for allotment of property from the bankruptcy assets and receiving income from employment relations or for other periodic payments replacing income for them shall register their

demands with the arbitration manager on or before September 01, 2021.

The creditors that are going to register their demands later shall pay the additional expenses individually and shall not be able to contest the claims which have been examined later anymore.

The general procedure of hearing the case (Article 63 of the Bankruptcy Regulations) shall be approved to take place together with the report examination procedure (Article 89 of the Bankruptcy Regulations)

**on Wednesday, September 15, 2021, at 08:45 at the 6th Conference Room**

at the Principal District Court, Schpaniagasse 1, 9490 Vaduz.

On the day of the hearing all creditors shall bring evidence approving their demands in case if it was not registered according to the demand making procedure.

All other publications related to the bankruptcy proceedings shall be made in the electronic Official Journal (www.amtsblatt.llv.li).

The initiation of the bankruptcy case should be noted in the immovable property of the debtor who appeared to be bankrupt, as well as in the public register of the Principality of Liechtenstein, register of seizures and in all other register in which the intellectual property rights are registered, quoting the authentic dates of the bankruptcy proceedings initiation.

The management of dispatches, deposits and assets, etc. of the debtor who appeared to be bankrupt shall take place only upon consent of the bankruptcy manager.

Princila District Court of
Vadux, July 21, 2021


Translator: Biigishiev Atay Makhmudovich  /signature/

**Russian Federation**
**City of Moscow**
**Twenty seventh of July of two thousand twenty-one**

I, Veshnyakova Yuliya Vladimirovna, Temporary Acting as Notary Public of the city of Moscow Obraztsova Elena Petrovna, do hereby certify the genuineness of the signature appended in my presence by the translator Biigishiev Atay Makhmudovich.

The personality of the signer is identified.

Filed in the register № **37/202-н/77-2021-6-1626.**

Charged for the performance of a notarial act: RUB 400.00

/signature/ Y. V. Veshnyakova

Official Seal: Notary Public Obraztsova E.P.
Notary District of Moscow

Total fastened, numbered
and sealed **4 (four)** sheets
Temporary Acting as Notary Public /signature/ Y. V. Veshnyakova

Official Seal: Notary Public Obraztsova E.P.
Notary District of Moscow

Translator: <u>Biigishiev Atay Makhmudovich</u>  /signature/

Переводчик: _/signature/_

| | |
|---|---|
| Российская Федерация<br>Город Москва<br>Двадцать седьмого июля две тысячи двадцать первого года<br><br>Я, Вешнякова Юлия Владимировна, временно исполняющая обязанности нотариуса города Москвы Образцовой Елены Петровны, свидетельствую подлинность подписи переводчика Бийгишиева Атая Махмудовича.<br>Подпись сделана в моем присутствии.<br>Личность подписавшего документ установлена.<br>Зарегистрировано в реестре:<br>№ 37/202-н/77-2021-6-1628<br>Уплачено за совершение нотариального действия: 400 руб. 00 коп.<br><br>Ю.В. Вешнякова | Russian Federation<br>City of Moscow<br>Twenty seventh of July two thousand twenty-one<br><br>I, Veshnyakova Yuliya Vladimirovna, Temporary Acting as Notary Public of the city of Moscow Obraztsova Elena Petrovna, do hereby certify the genuineness of the signature appended in my presence by the translator Biigishiev Atay Makhmudovich.<br>The personality of the signer is identified.<br><br>Filed in the register<br>№ 37/202-н/77-2021-6-1628<br>Charged for the performance of a notarial act: RUB 400.00<br><br>/signature/ Y. V. Veshnyakova<br><br>Official Seal: Notary Public Obraztsova E.P.<br>Notary District of Moscow |





Всего прошнуровано, пронумеровано и скреплено печатью 7 (семь) листов

Врио нотариуса

Total fastened, numbered and sealed 7 (seven) sheets

Temporary Acting as Notary Public
/signature/

Official Seal: Notary Public Obraztsova E.P.
Notary District of Moscow

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
1800 Avenue of the Stars, 12th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*):
   **FIRST STATUS REPORT**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 9/10/2021 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Destiny N Almogue**    destiny.almogue@skadden.com, dlmlclac@skadden.com;wendy.lamanna@skadden.com
- **Eryk R Escobar**    eryk.r.escobar@usdoj.gov, Hatty.yip@usdoj.gov
- **David B Golubchik**    dbg@lnbyb.com, stephanie@lnbyb.com
- **Nicholas O Kennedy**    nicholas.kennedy@bakermckenzie.com, karen.wagner@bakermckenzie.com;Nathaniel.Wilkes@bakermckenzie.com;Carmen.Ayala@bakermckenzie.com;Nada.Hitti@bakermckenzie.com
- **Hamid R Rafatjoo**    hrafatjoo@raineslaw.com, bclark@raineslaw.com
- **Thomas Tysowsky**    thomas.tysowsky@bakermckenzie.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date* 9/10/2021) I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

The Honorable Sheri Bluebond
United States Bankruptcy Judge
255 E. Temple Street, Suite 1534
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/10/2021 | Bambi Clark | /s/ Bambi Clark |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                              **F 9013-3.1.PROOF.SERVICE**
2918364.1