Mark D. Bloom (*Pro Hac Vice*)
Reginald Sainvil (*Pro Hac Vice*)
**BAKER & McKENZIE LLP**
1111 Brickell Avenue, Suite 1700
Miami, Florida 33131
Telephone: 305-789-8927
Facsimile: 305-789-8953
Email: mark.bloom@bakermckenzie.com
      reginald.sainvil@bakermckenzie.com

Nicholas O. Kennedy (State Bar No. 280504)
**BAKER & McKENZIE LLP**
1900 North Pearl Street, Suite 1500
Dallas, TX 75201
Telephone: 214-978-3000
Facsimile: 214-978-3099
Email: nicholas.kennedy@bakermckenzie.com

Thomas Tysowsky (State Bar No. 330022)
**BAKER & McKENZIE LLP**
10250 Constellation Boulevard, Suite 1850
Los Angeles, CA 90067
Telephone: 310-201-4728
Facsimile: 310-201-0103
Email: thomas.tysowsky@bakermckenzie.com

*Counsel for the Foreign Debtor, Vitaly Ivanovich Smagin*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>VITALY IVANOVICH SMAGIN,<br><br>    Debtor in a Foreign Proceeding, | Case No. 2:21-bk-15342-BB<br><br>Chapter 15<br><br>**FOREIGN DEBTOR'S MOTION FOR LEAVE TO FILE LIMITED RESPONSE TO THE SUBSTITUTION MOTION IN THE ENFORCEMENT ACTION**<br><br>**(HEARING REQUESTED ON SHORTENED NOTICE PURSUANT TO RELIEF ORDER -- DISTRICT COURT FILING DEADLINE SEPTEMBER 27, 2021)** |

Vitaly Ivanovich Smagin (the "**Debtor**"), by and through undersigned counsel and pursuant to paragraph 4 of this Court's *Order Granting Relief in Aid of a Foreign Main Proceeding Pursuant to 11 U.S.C. § 1521* [Docket No. 84] (the "**Relief Order**"), respectfully submits this Motion for leave to file a Limited Response to the *Motion to Substitute for Plaintiff Under FRCP 17(a) & 25(c)* (the "**Substitution Motion**")[1] filed by Evgeniy Nikolaevich Ratnikov (the "**Foreign Representative**") in the action *Vitaly Ivanovich Smagin v. Ashot Yegiazaryan, et al.*, Case No. 2:14-cv- 09764-RGK-PLA, pending in the United States District Court for the Central District of California (the "**Enforcement Action**") and requests the entry of an Order granting such leave, substantially in the form attached hereto as **Exhibit A**.

## PRELIMINARY STATEMENT

1. As a threshold matter and contrary to any misinformation that may have been conveyed to the Court at the Status Conference held on September 15, 2021, *the Debtor is not seeking to maintain control of the Enforcement Action*. Nor is the Debtor is seeking to relitigate any of the issues addressed in the Relief Order, nor to object to or interfere in the rights conferred upon the Foreign Representative in that Order or under applicable law to take control of the Enforcement Action as provided in that Order. The Debtor simply requests that the Foreign Representative proceed in a manner that it is consistent with the Relief Order and expressly authorized under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure -- by intervening as lead plaintiff in the Enforcement Action rather than substituting in as sole plaintiff.

2. The Relief Order does not authorize the Foreign Representative to "substitute" into the Enforcement Action in the place and stead of the Debtor. The Bankruptcy Code does not authorize the Foreign Representative to "substitute" into the Enforcement Action in the place and stead of the

---

[1] For the convenience of the Court, a true and correct copy of the Substitution Motion is attached hereto as **Exhibit B**.

Debtor. Rather, the Bankruptcy Code expressly authorizes a foreign representative "[u]pon recognition (to) *intervene* in any proceedings in a State or Federal court in the United States in which the debtor is a party." 11 U.S.C. §1524 (emphasis added).

3. The difference between substitution and intervention is material — the former operating to terminate the status of the existing party and standing of that party to appear and be heard, the latter maintaining that party in the case and permitting the intervenor to join. It is abundantly clear from the Relief Order (as heavily negotiated and agreed to by the parties and entered by the Court) that ***the Foreign Representative is to take control of the Enforcement Action***, and that the Debtor retains (and the Independent Third-Party is granted) certain rights in the Enforcement Action, exercisable only through leave of this Court, to appear and be heard for a specific purpose as sought in this Motion.

4. It is this principle that the Debtor seeks to vindicate in a Limited Response in the District Court. *The Debtor emphatically does **not** oppose the Foreign Representative's intervention as lead plaintiff in the Enforcement Action;* to the contrary, the Debtor acknowledges and represents that section 1524 of the Bankruptcy Code grants the Foreign Representative a statutory right to intervene as of right under Rule 24(a)(1) of the Federal Rules of Civil Procedure. What the Debtor opposes is the effort by the Foreign Representative to eviscerate the rights granted to and preserved for the Debtor in the Relief Order by *substituting in as sole plaintiff*, rather than intervening as lead plaintiff as is consistent with section 1524 of the Code and the Relief Order.

**RELEVANT FACTUAL BACKGROUND**

5. On July 30, 2021, the Court entered the *Order Granting Recognition of Foreign Main Proceeding and Certain Relief in Aid Thereof* [Docket No. 50] (the "**Recognition Order**").

6. On August 13, 2021, the Court entered the Relief Order. Among the elements of "sufficient protection" afforded the Debtor in that Order is the right of the Debtor and the Independent

Third-Party to be heard before this Court on as little as 48 hours' written notice to the Foreign Representative in respect of the Enforcement Action and, upon leave of this Court, to proceed in the Enforcement Action for limited purposes. Relief Order, p. 9, ¶ 4.

7. On September 17, 2021, the Foreign Representative filed the Substitution Motion, improperly seeking to *substitute* as sole plaintiff in the Enforcement Action under Rule 25(c) of the Federal Rules of Civil Procedure, rather than to intervene as provided in section 1524 of the Bankruptcy Code and Rule 24 of the Federal Rules of Civil Procedure. The Substitution Motion has been scheduled for hearing in the District Court on October 18, 2021, and under Local Rule 7-9 of that Court any response is required to be filed by **September 27, 2021**.

## RELIEF REQUESTED

8. The Debtor requests leave to file the Limited Response to the Substitution Motion in the Enforcement Action, to clarify that the Foreign Representative is entitled to intervene as of right as lead plaintiff in the Enforcement Action pursuant to the Relief Order, section 1524 of the Bankruptcy Code and Federal Rule of Civil Procedure 24(a)(1), but not to substitute in for the Debtor as the sole plaintiff.

## BASIS FOR RELIEF REQUESTED

**A. The Relief Sought in the Substitution Motion is Inappropriate Under the Relief Order and Not Authorized by the Bankruptcy Code.[2]**

9. The Relief Order, as extensively negotiated by the parties and submitted to the Court on a consensual basis, establishes an unusual – even unprecedented – mechanism that governs the rights of the Foreign Representative, Debtor and Independent Third Party to appear in the Enforcement Action. **Clearly it is the Foreign Representative who is vested with the authority to take control**

---

[2] To be clear, the Debtor is not seeking a ruling on the merits of this position from the Court at this time, but rather is merely seeking leave to present his position in the Limited Response to the District Court, which has jurisdiction over the Enforcement Action and will ultimately determine whether substitution or intervention is appropriate.

**of that Action, and the Debtor does not contend otherwise.** As a critical part of the "sufficient protection" afforded the Debtor under section 1522, that right of control is tempered by the provisions of paragraph 4 on page 9 of the Relief Order, which create a process by which the Debtor may seek leave from this Court to appear and be heard in the Enforcement Action. Relief Order, p. 9: ¶ 4. ("Nothing herein precludes the Debtor from being heard before this Court in respect of the Enforcement Action or Fraudulent Transfer Action.").

10. As unusual as this mechanism may be for this Court, it will be rendered meaningless before the District Court if the Foreign Representative is <u>substituted</u> as sole plaintiff in the Enforcement Action in the place and stead of the Debtor, rather than granted leave to intervene as lead plaintiff. It is <u>intervention, not substitution,</u> that is expressly contemplated by the Bankruptcy Code: "Upon recognition of a foreign proceeding, the foreign representative may *intervene* in any proceedings in a State or Federal court in the United States in which the debtor is a party." 11 U.S.C. § 1524 (emphasis added).[3]

11. "Congress has a special duty to choose its words carefully when it is drafting technical and complex laws; we facilitate our work as well as that of Congress when we adhere closely to the statutory text." *St. Martin Lutheran Church v. South Dakota*, 451 U.S. 772, 791 (1981). "It is well established that when the statute's language is plain, the sole function of the courts-at least where the disposition required by the text is not absurd-is to enforce it according to its terms." *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004).

12. The distinction between intervention and substitution is hardly academic, but truly meaningful in the circumstances presented here. If the Foreign Representative is permitted to substitute rather than intervene, and the form of Proposed Order submitted to the District Court is

---

[3] The grant of that statutory right authorizes the Foreign Representative to intervene as of right under Rule 24(a)(1) of the Federal Rules of Civil Procedure.

entered without change, then the District Judge will lack any basis to recognize the legal standing of the Debtor to appear and be heard *even if the Debtor seeks and obtains the required leave from this Court to appear in respect of an issue in the Enforcement Action.*[4]

13. It is on this basis – and **not as an objection to or effort to limit the scope of the authority granted to the Foreign Representative in the Relief Order** – that the Debtor seeks leave to file a Limited Response to the Substitution Motion in the District Court, in substantially the form attached hereto as **Exhibit C**. The Relief Order says nothing about substitution – no derivation of that word appears anywhere in the Relief Order. Chapter 15 similarly says nothing about substitution; rather, it squarely authorizes *intervention*, plain and simple.[5] 11 U.S.C. § 1524. It is against the backdrop of that established legal principle that counsel for the Debtor consented to submission of the Relief Order, and it is consistent with the requirements of paragraph 4 of that Order that the Foreign Representative should seek uncontested leave to intervene, not to substitute, as a means of cementing his control of the Enforcement Action.

14. The "rights and powers of a trustee" that are granted to the Foreign Representative under section 1520(a)(3) arise "upon recognition" of the foreign proceeding. Section 1524 uses the

---

[4] That impact is exacerbated by the language in the Proposed Order attached to the Substitution Motion, *see* Substitution Motion, Ex. 3. ("Mr. Ratnikov, as Chapter 15 Foreign Representative of Mr. Smagin, is hereby SUBSTITUTED for Smagin as plaintiff in this action. The caption shall be updated to correct this change, and all counsel are directed to note the substitution."). This language will wholly supplant the Debtor as a party in the Enforcement Action and effectively eliminate his ability to file any pleadings or motions in that Action, even with leave of this Court as provided in the Relief Order, and cause any other counsel appearing in the case to disregard and not even to serve counsel for the Debtor with any future filings.

[5] The purpose of section 1524 is to avoid denial of standing to the foreign representative to the extent that such standing may not otherwise have been contemplated. *See* COLLIER ON INT'L BUSINESS INSOLVENCY GUIDE P. 8.07. This is consistent with the right of direct access to courts in the United States that is granted to a foreign representative upon recognition under section 1509 of the Bankruptcy Code. In addition, the Guide to Enactment of the UNCITRAL Model Law on Cross-Border Insolvency provides that the word "intervene" is intended "to refer to cases where the foreign representative appears in court and makes representations in proceedings, whether those proceedings be individual court actions or other proceedings (including extrajudicial proceedings) instituted by the debtor against a third party or proceedings instituted by a third party against the debtor." *See* Guide to Enactment of the UNCITRAL Model Law on Cross-Border Insolvency, U.N. Gen. Ass., UNCITRAL 30th Sess., U.N. Doc. A/CN.9/442 (1997).

identical language in granting a foreign representative the right to intervene "upon recognition." "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992).

15.   These two sections, both triggered by recognition of a foreign proceeding, are complementary parts of a singular statutory scheme set forth in Subchapter III of Chapter 15. Yet stunningly, the Substitution Motion fails even to mention section 1524, which is squarely applicable to and governs the rights of the Foreign Representative in respect of the Enforcement Action. Only through a twisted and misguided path that entirely ignores the plain and identical language of both those sections -- *and even any mention of section 1524* -- does the Foreign Representative wander into Fed. R. Civ. P. 17 and 25 and erroneously seek, without statutory authority, to substitute into the Enforcement Action, rather than to intervene as the Code explicitly provides.

16.   Moreover, the "rights and powers" granted to a foreign representative under section 1520(a)(3) are by no means absolute or open-ended, but are expressly limited "to the extent provided by sections 363 and 552." Accordingly, unlike a bankruptcy trustee a foreign representative is not entitled, for example, to receive percentage compensation under section 326(a), nor empowered to incur indebtedness under section 364 or assume or reject executory contracts and unexpired leases under section 365. Nor, as pertinent here, is a foreign representative authorized in the manner of a "successor trustee" to "be *substituted* as a party in (a pending) action or proceeding" under section 325 (emphasis added).

17.   The distinction in the statutory language -- intervention under section 1524, substitution under section 325 -- is meaningful. "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983) (internal citation omitted); *see also United States v. Wells Fargo Bank*, 485 U.S.

7

351, 357 (1988) ("'*expressio unius est exclusio alterius*'— *i. e.*, the expression of one is the exclusion of others"). These long-established, fundamental principles of statutory construction apply here, where Congress provided for a successor trustee to "be substituted as a party" in section 325 and for a foreign representative only to "intervene" in section 1524.

**B. The Relief Sought in the Substitution Motion Would Grant the Foreign Representative More Power in the Enforcement Action Than He Has Under Russian Bankruptcy Law.**

18. Substitution instead of intervention not only would be contrary to applicable U.S. bankruptcy law and procedure, but also would operate to confer upon the Foreign Representative more rights than he has even under Russian Bankruptcy Law. As set forth more fully in the Declaration of Novikov Pavel Viktorovich attached hereto as **Exhibit D** ("**Novikov Declaration**"), under Russian Law, a financial manager in the asset sale phase of an individual bankruptcy case does not fully replace the individual debtor in all current court proceedings; the debtor remains a third party in those proceedings, eligible to appear before the relevant courts. Novikov Declaration ¶ 15.

17. It is fundamentally inconsistent with the ancillary nature of a Chapter 15 case for a foreign representative to be vested with greater powers than are conferred upon him or her by the laws of the jurisdiction in which the foreign proceeding is pending.[6] It transcends both section 1524 of the Bankruptcy Code and even Russian bankruptcy law for the Foreign Representative to eviscerate the Debtor's role in the Enforcement Action through substitution, rather than properly through intervention as lead plaintiff with authority to take control of the Enforcement Action.

## CONCLUSION

18. As a matter of law the Substitution Motion seeks the wrong form of relief before the District Court -- relief which if granted would eliminate the Debtor's legal standing to appear and be heard in that Action. In accordance with the Relief Order, it is respectfully submitted that the Court

---

[6] *See Vesta Fire Ins. Corp. v. New Cap Reinsurance Corp., Ltd.*, 244 B.R. 209, 213, 218-19 (S.D.N.Y. 2000) (an ancillary proceeding does not create an estate nor does it confer the full panoply of rights that would otherwise be available to a debtor or trustee).

should grant the Debtor leave to file the Limited Response to present his solid and well-reasoned legal position to the District Court.  Alternatively, this Court could recognize and give effect to the plain language of the Bankruptcy Code and direct the Foreign Representative to withdraw the Substitution Motion and file a motion to intervene as lead plaintiff in the Enforcement Action -- a motion to which the Debtor would readily consent.  The filing of a motion seeking intervention would thus expedite rather than delay the process by which the Foreign Representative takes control of the Enforcement Action as provided in the Relief Order.

**WHEREFORE**, the Debtor requests that the Court grant this Motion, authorize the Debtor to submit the Limited Response in the Enforcement Action on or before the deadline of **September 27, 2021**, or in the alternative direct the Foreign Representative to withdraw the Substitution Motion in favor of a motion seeking leave to intervene as of right in accordance with section 1524 and Fed. R. Civ. P. 24(a)(1), and grant such other and further relief as may be just and appropriate.

Dated: September 20, 2021  
       Los Angeles, CA

Respectfully submitted,

**BAKER & MCKENZIE LLP**

By: */s/ Nicholas O. Kennedy*  
    Mark D. Bloom (*Pro Hac Vice*)  
    Reginald Sainvil (*Pro Hac Vice*)  
    1111 Brickell Avenue  
    Suite 1700  
    Miami, FL 33131  
    Telephone: (305) 789-8900  
    Email: mark.bloom@bakermckenzie.com  
        reginald.sainvil@bakermckenzie.com

    - and -

    Nicholas O. Kennedy (State Bar No. 28504)  
    1900 N. Pearl St.  
    Suite 1500  
    Dallas, TX 75201  
    Telephone: (214) 978-3000  
    Email: nicholas.kennedy@bakermckenzie.com

- and -

Thomas Tysowsky (State Bar No. 330022)
10250 Constellation Boulevard
Suite 1850
Los Angeles, CA 90067
Telephone: (310) 201-4728
Email: Thomas.Tysowsky@bakermckenzie.com

*Counsel for Foreign Debtor*
*Vitaly Ivanovich Smagin*