Hamid R. Rafatjoo (SBN 181564)
**RAINES FELDMAN LLP**
1800 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone:    (310) 440-4100
Facsimile:    (310) 691-1367
Email:         hrafatjoo@raineslaw.com

Carollynn H.G. Callari (*Pro Hac Vice*)
David S. Forsh (*Pro Hac Vice*)
**RAINES FELDMAN LLP**
One Rockefeller Plaza, 10th Floor
New York, NY 10020
Email:    ccallari@raineslaw.com
              dforsh@raineslaw.com

*Counsel for the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>VITALY IVANOVICH SMAGIN,<br><br>Debtor in a Foreign Proceeding. | Case No. 2:21-bk-15342-BB<br><br>Chapter 15<br><br>**STATEMENT REGARDING THE THIRD STATUS REPORT OF THE INDEPENDENT THIRD PARTY**<br><br>Judge: Hon. Sheri Bluebond<br>Date:   November 17, 2021<br>Time:   11:00 a.m. (PT)<br>Place:   Via Videoconference |

Evgeniy Nikolaevich Ratnikov, as the foreign representative in this Chapter 15 case ("**Mr. Ratnikov**" or the "**Foreign Representative**"), hereby submits this statement with respect to the third *Monthly Status Report* filed by the Independent Third Party [Docket No. 135] (the "**Third Report**").[1]

---

[1] Capitalized terms used but not defined herein have the meaning ascribed in the Court's *Order Granting Relief in Aid of a Foreign Main Proceeding Pursuant to 11 U.S.C. § 1521* [Docket No. 84] (the "**Protections Order**"), a copy of which is attached hereto as **Exhibit A**.

1

2956452.1

1.       Prior to entry of the Protections Order, the Foreign Representative and the Debtor extensively engaged over the scope of the relief to be granted to the Foreign Representative in connection with recognition of the Russian Proceeding and the related protections for the Debtor, including multiple hours of hearings before the Court.  The RICO Action was a central concern of such efforts and hearings.  The role of the Independent Third Party was created to avoid having the plaintiff's claims in the RICO Action administered, on the one hand, by a named defendant, and on the other hand, by a debtor who had been displaced by but was not cooperating with a duly-appointed trustee.

2.       Accordingly, the primary purpose of the Independent Third Party is "to administer the RICO Action on behalf of the Debtor, as plaintiff and appellant."  Protections Order at 5.  While the Independent Third Party has certain further tasks and related obligations, the role of the Independent Third Party in this case is limited.  In particular, the Independent Third Party does not have the role of a trustee, examiner or creditors' committee.

3.       The Protections Order requires the Foreign Representative to keep the Independent Third Party informed of communications with any defendants in any of the Subject Litigations (or persons known to represent or act on the behalf of such defendants) relating to the Debtor, the Subject Litigations or the assets at issue in such actions. The Foreign Representative has done that. However, the role of the Independent Third Party does not include active monitoring of, or receiving reports from, the Russian Proceeding.  Thus, the Independent Third Party's statement in its status report that it "has concerns regarding its ability to access information to support its function" is not warranted.  Nothing in the Protections Order requires the Foreign Representative to keep the Independent Third Party apprised of the general proceedings in Russia, nor are such reports necessary to the Independent Third Party in performing his role.  To the extent that developments become

2956452.1

relevant to the Independent Third Party's role, such as any new directive of the Moscow Court or of creditors in the Russian Proceeding that impact the Foreign Representative's role (and accordingly, the Independent Third Party's role), or because they relate to settlement discussions with Mr. Yegiazarian, the Foreign Representative will so apprise the Independent Third Party.  Counsel for the Foreign Representative understands that this Chapter 15 case is an ancillary proceeding relating to the assets in the United States and has not created a billing frenzy by following the details of the proceedings in other countries, particularly where the assistance of the Court has not been requested and is not required.  The Independent Third Party and its counsel would be well served to do the same.

4. The Foreign Representative notes that the Independent Third Party's proposed intervention into the RICO Action, which process would include the Debtor and his counsel continuing to file pleadings and appear in the RICO Action in their own name (as distinguished from advising the Independent Third Party in its own filings or even having Debtor's counsel file a brief on behalf of the Independent Third Party, which is contemplated by the Protections Order) is contrary to the primary purpose of the Independent Third Party.  This proposed change of scope comes after the Independent Third Party has already incurred significant fees in this case; namely, $48,692 in legal fees just for an approximately two-week period in August.[2]  There is no disclosure yet of legal fees incurred for September and October, but from the approach of counsel for the Independent Third Party, the Foreign Representative is concerned the services and fees may fall outside the scope of the Independent Third Party's role.

---

[2] Third Status Report at 8.

2956452.1

5. Further, the Independent Third Party's administration of the RICO Action was to include evaluating the merits of the RICO Action and proceeding accordingly, including potentially abandoning the appeal subject to Court approval, as shown by the record of the hearings and as provided for by the Protections Order. *See, e.g.*, Protections Order at 6 ("The Independent Third-Party shall bring any proposed sale, settlement, or abandonment of the RICO Action to the attention of this Court pursuant to Sections 363 and 554 of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules"); *id.* (requiring the Debtor and Foreign Representative to provide information to "assist the Independent Third-Party to evaluate the merits of the appeal"). Such actions would not be within the authority of the Independent Third Party after merely intervening in the RICO Action and relinquishing the Independent Third Party's obligations under the Protections Order in violation of the very Protections Order which created and caused the appointment of the Independent Third Party.

6. For the avoidance of doubt, the Foreign Representative maintains that the RICO Action has no factual or legal merit and should be abandoned. The bases for this view include – and by no means are limited to – (i) that the underlying issues and relief (*i.e.*, directing the disposition of the Alpha Trust funds) are already being litigated in other actions and before other courts, so the RICO Action will unavoidably conflict with and complicate any potential resolution, (ii) the RICO Action faces substantial estoppel and comity issues even if remanded on appeal, including with respect to the conspiracy theories concerning the Foreign Representative that have already been litigated in and rejected by Russian courts, and (iii) the lack of personal jurisdiction over necessary defendants such as CMB Bank, the bank in Monaco that is currently holding the Alpha Trust funds. Notably, in dismissing the RICO Action with prejudice for lack of a domestic injury, the District Court did not reach, among other things, CMB Bank's objections to personal jurisdiction in the United States, which the

4

2956452.1

Debtor attempted to rebut by a single paragraph without reference to any supporting authority, and which objections have been renewed by CMB Bank (and other defendants) in the pending appeal as further grounds for affirming the District Court's decision.[3]  With these deficiencies, the RICO Action is not an effective litigation tactic.  Its continued prosecution serves only to hinder any potential resolution with respect to the Alpha Trust funds and to unnecessarily increase legal fees payable from the Debtor's assets in priority to and to the detriment of creditors in the Russian Proceeding.

7. While there may be different opinions on how to proceed with respect to the Debtor's assets and his liabilities, the Foreign Representative is responsible for determining strategies in accordance with directives of the Russian Court and creditors in that main proceeding.  The Foreign Representative will continue to do so within the parameters of the Protections Order as negotiated and agreed upon by the parties.  Once again, to avoid unnecessary delays and costs, the Foreign Representative urges parties to stay in their respective lanes.

ated:     November 10, 2021                **RAINES FELDMAN LLP**

By:   /s/ Hamid R. Rafatjoo
        Hamid R. Rafatjoo
        Carollynn H.G. Callari
        David S. Forsh

*Counsel for the Foreign Representative*

---

[3] *Memorandum of Points and Authorities in Support of Defendant CMB Monaco's Motion to Dismiss*, Case No. 2:20-cv-11236-RGK-PLA (C.D. Cal.) [Docket No. 70-1] at 5-10; *Amended Memorandum of Points and Authorities in Support of Plaintiff Smagin's Opposition to Defendant Compagnie Monegasque De Banque's Motion to Dismiss the Complaint*, Case No. 2:20-cv-11236-RGK-PLA (C.D. Cal.) [Docket No. 90] at 9-10; *Defendant-Appellee CMB Monaco's Answering Brief*, No. 21-55537 (9th Cir.) [Docket No. 30] at 34-42.

2956452.1

# EXHIBIT A

Hamid R. Rafatjoo (SBN 181564)
**RAINES FELDMAN LLP**
1800 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone:   (310) 440-4100
Facsimile:   (310) 691-1367
Email:       hrafatjoo@raineslaw.com

Carollynn H.G. Callari (*Pro Hac Vice*)
David S. Forsh (*Pro Hac Vice*)
**RAINES FELDMAN LLP**
One Rockefeller Plaza, 10th Floor
New York, NY 10020
Email:       ccallari@raineslaw.com
             dforsh@raineslaw.com

*Counsel for the Foreign Representative*

FILED & ENTERED

AUG 13 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY  wesley    DEPUTY CLERK

CHANGES MADE BY COURT

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>VITALY IVANOVICH SMAGIN,<br><br>Debtor in a Foreign Proceeding. | Case No. 2:21-bk-15342-BB<br><br>Chapter 15<br><br>**ORDER GRANTING RELIEF IN AID OF A FOREIGN MAIN PROCEEDING PURSUANT TO 11 U.S.C. § 1521**<br><br>Date:  August 12, 2021<br>Time:  10:00 a.m. PT<br>Place: Via videoconference |

Upon the petition filed by Evgeniy Nikolaevich Ratnikov ("**Mr. Ratnikov**" or the "**Foreign Representative**") commencing this Chapter 15 case in respect of Vitaly Ivanovich Smagin ("**Mr. Smagin**" or the "**Debtor**") and seeking recognition of the ongoing liquidation proceeding against Mr. Smagin in the Arbitration Court of the City of Moscow (the "**Russian Proceeding**") under Federal Law No 127-FZ "On Insolvency (Bankruptcy)" (the "**Russian Bankruptcy Law**") as a foreign main proceeding under the Bankruptcy Code; and due and timely notice of the filing of the Petition and the hearing thereon having been provided by the Foreign Representative; and the Court having reviewed and considered all pleadings and other documents filed in connection with the Petition prior to the hearing on the Petition conducted

1

on July 28, 2021 (the "**Recognition Hearing**"), including without limitation the Debtor's oppositions to the Petition and the relief requested therein and related pleadings and documents filed by the Debtor, and the Court having heard argument by counsel appearing at the Recognition Hearing; and the Court having entered an order granting recognition and certain related relief on July 30, 2021 [Docket No. 50] (the "**Recognition Order**") and continuing the hearing to August 10, 2021, solely with respect to the sufficient protections to be afforded to the Debtor in accordance with the provisions of the Bankruptcy Code in granting the discretionary relief sought by the Foreign Representative pursuant to section 1521 of the Bankruptcy Code (the "**Protections Hearing**"); and the Court having heard argument by counsel appearing at the Protections Hearing; and the Court having further continued the Protections Hearing to August 11, 2021; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A.    To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410(1) or, in the alternative, 28 U.S.C. §1410(3). This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

C.    Notice of the Petition and related pleadings was provided by the Foreign Representative in accordance with the *Order Scheduling Hearing on Chapter 15 Petition and Approving Form and Manner of Notice*. Under the circumstances, such service constitutes due, adequate and sufficient notice of the Petition, the related pleadings and the relief requested therein, to all parties entitled to such notice under the Bankruptcy Code and Bankruptcy Rules, and no other or further notice is necessary or required.

D.      The Debtor has previously raised and has litigated various allegations of bad faith and misconduct, among other things, against the Foreign Representative on multiple occasions in the Moscow Court, and in appeals therefrom. All of these allegations, and the Debtor's related attempts to remove the Foreign Representative, have been rejected by the Moscow Court.

E.      The procedures of this Chapter 15 Case and of the Russian Proceeding, and the additional protections set forth in the Recognition Order and in this Order, afford sufficient protection of the interests of the Debtor and his creditors with respect to the relief granted to the Foreign Representative.

**NOW, THEREFORE, IT IS HEREBY:**

**ORDERED that,** except for the rights expressly provided in this Order to the Independent Third-Party (defined below), pursuant to section 1521(a)(3) of the Bankruptcy Code, the right of any person to transfer, encumber or otherwise dispose of any asset of the Debtor within the territorial jurisdiction of the United States is hereby suspended except with the prior written consent of the Foreign Representative or further order of the Court; and it is further

**ORDERED** that, pursuant to section 1521(a)(4) of the Bankruptcy Code, **<u>counsel for</u>** the Foreign Representative is authorized to issue subpoenas for the production of documents and examination of witnesses to parties in the United States concerning the assets, affairs, rights, obligations, or liabilities of the Debtor within the territorial jurisdiction of the United States, and in furtherance of the Russian Proceeding, without prejudice to any right, if any, that the Debtor or other parties in interest may have to appear and be heard in support of or objection to such subpoenas; and it is further

**ORDERED t**hat, except as expressly provided in this Order regarding the power and duties of the Independent Third-Party (defined below) or otherwise as provided by further order of this Court:

3

(a) Pursuant to section 1521(a)(5) of the Bankruptcy Code, the Foreign Representative shall exclusively administer all of the Debtor's assets within the territorial jurisdiction of the United States under and to the extent provided by sections 363 and 552 of the Bankruptcy Code and, to the extent applicable, in compliance with section 554 of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure, subject to any applicable notice and other provisions governing contested matters initiated under such sections and Rule.

(b) The Foreign Representative is authorized and shall administer and exercise all of the Debtor's rights and powers concerning or relating to:

(i) the judgment entered in the Enforcement Action on March 31, 2016 in favor of the Debtor in the amount of $92,503,652, plus all fees and interests accrued thereon (the "**U.S. Judgment**");

(ii) *Vitaly Ivanovich Smagin v. Ashot Yegiazaryan, et al.*, Case No. 2:14-cv-09764-RGK-PLA, pending in the United States District Court for the Central District of California (together with any appeals therefrom, "**Enforcement Action**");

(iii) *Vitaly Ivanovich Smagin v. Ashot Yegiazaryan, et al.*, Case No. 2:17-cv-06126-RGK-PLA, pending in the United States District Court for the Central District of California (together with any appeals therefrom, "**Fraudulent Transfer Action**"); and

(iv) *Vitaly Ivanovich Smagin v. Compagnie Monégasque De Banque a/k/a CMB Bank, et al.*, Case No. 2:20-cv-11236-RGK-PLA, pending in the United States District Court for the Central District of California (together with any appeals therefrom, the "**RICO Action**", and together with the Enforcement Action and Fraudulent Transfer Action, the "**Subject Litigations**"),

under and to the extent provided by sections 363 and 552 of the Bankruptcy Code and, to the extent applicable, in compliance with section 554 of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure, subject to any applicable notice and other provisions governing contested matters initiated under such sections and Rule; and it is further

**ORDERED** that, in addition to the protections already provided to the Debtor in the Recognition Order, the following additional protections shall apply:

1) With respect to the RICO Action (in which Mr. Ratnikov is a named defendant), an Independent Third-Party will be engaged to administer that litigation.

4

a. Counsel for the Foreign Representative shall nominate three potential persons to serve as an independent third party to administer the RICO Action on behalf of the Debtor, as plaintiff and appellant, and counsel for the Debtor shall have the right to choose which one of such persons will serve as the independent third-party administrator.  Upon such agreement between the Foreign Representative and Debtor, the Foreign Representative shall file a notice with the Court confirming such person's appointment pursuant to this Order.  If counsel for the Debtor does not select one of the three people so nominated to serve as the independent third-party administrator within three business days' of receiving such nominations, then the Foreign Representative shall file a notice with the Court providing the names of the persons nominated to the Court and the Court shall select which of those persons shall  serve as the independent third-party administrator to the extent the Court finds any of them appropriate to serve in such capacity.  The duly appointed independent third-party administrator pursuant to this clause 1(a) is the "**Independent Third-Party**"..

b. The Independent Third-Party shall have the right to retain and pay counsel without further application to this Court.  The Independent Third-Party shall not take directions from either the Foreign Representative or the Debtor, and shall not share confidential information with either party.  However, the Independent Third-Party shall be required to (i) follow the directive of the Moscow Court and directives of creditors in the Russian Proceeding pursuant to Russian Bankruptcy Law, that have been or may be provided in the future to the same extent as the Foreign Representative, including, without limitation, pursuing liquidation of the Debtor's assets within the territorial jurisdiction of the United States in accordance with, and in the timeline provided, in the Moscow Court's liquidation order dated May 28, 2021 (or any applicable subsequent order of the Moscow Court) in respect of Mr. Smagin, (ii) presenting any potential disposition of the Debtor's assets within the territorial jurisdiction of the United States for consideration to the creditors in the Russian Proceeding before pursuing such disposition, and (iii) shall share non-confidential information with the Foreign Representative as requested to allow the Foreign Representative to file his required reports with the Moscow Court and, subject to the protection and provisions of this Order, otherwise comply with his duties in the Russian Proceeding.

c. The Independent Third-Party may only be removed or replaced by an order of this Court, upon application of any party in interest and notice and hearing thereon.

d. Except as set forth in this Order, neither the Foreign Representative nor the Debtor shall have the right to interfere, appear or be heard on behalf of the plaintiff's claims in the RICO Action; except that to the extent no appeal of this Order is pending, the Debtor, in consultation with the Independent Third-Party, shall have the right to file (and the automatic stay will not prohibit such filing)

the opening brief in the pending appeal of the RICO Action due to be filed on or before August 23, 2021 provided such brief does not disparage the Foreign Representative (other than to acknowledge him as a defendant in his personal capacity and necessary facts already alleged). For avoidance of doubt, nothing precludes the Debtor or Foreign Representative from being heard before this Court respecting the RICO Action, nor prevents the Foreign Representative from appearing in his own capacity as a defendant (or cross claimant) in such action.

e.  The Independent Third-Party shall bring any proposed sale, settlement, or abandonment of the RICO Action to the attention of this Court pursuant to Sections 363 and 554 of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules, as applicable thereby commencing a contested matter as to which Rule 9014 and any other applicable Rules concerning contested matters, including Rules regarding the right of any party in interest to conduct discovery, shall apply. The Debtor and Foreign Representative may each be heard as an interested party before this Court. The Court's evaluation will include consideration of whether the proposal by the Independent Third-Party is contrary to, or consistent with, the directives of the creditors of the Russian Proceeding or the Moscow Court. For the avoidance of doubt, in the event of directives from the creditors in the Russian Proceeding or the Moscow Court that the Independent Third-Party is obligated to follow as set forth herein but which the Independent Third-Party believes would not be appropriate in his independent judgment, the Independent Third-Party shall be obligated to present, but not to support, such directive to this Court.

f.  Prior to the 10th day of each month, commencing on September 10th, the Independent Third-Party shall file an updated monthly status report describing activities, if any, occurring during the prior month and identifying any deadlines upcoming during the next prospective 40 days relating to the RICO Action. A status conference shall be held on the 15th of each month before the Court (commencing on September 15, 2021), or as soon thereafter as the Court's calendar allows; unless the parties mutually agree in writing that a conference is not needed for any particular month and timely notify the Court of such agreement.

g.  The Debtor and Foreign Representative shall provide information requested by the Independent Third-Party in connection with the RICO Action on a confidential basis, including information that may assist the Independent Third-Party to evaluate the merits of the appeal (and, if needed, the underlying asserted claims); provided, however, the Foreign Representative shall not be required to provide information in his possession or control in his personal capacity as a defendant in the RICO Action, or that may otherwise be privileged or confidential in his individual capacity. Nothing prevents the Independent Third-Party and the Debtor from agreeing to allow the Debtor's counsel to file any additional briefs, or make oral argument, required in the

pending appeal of the RICO Action.  Except as set forth in clause (d) and this clause (g), the RICO Action may not be prosecuted by or on behalf of the plaintiff or appellant except under the direction of the Independent Third-Party.

h. The parties acknowledged that the appointment of the Independent Third-Party is pursuant to the directive of this Court based on the requirements for sufficient protections under the Bankruptcy Code in granting the relief requested, and the Foreign Representative is not voluntarily assigning his duties as liquidator in the Moscow Proceeding to the Independent Third-Party.  The appointment of such Independent Third-Party shall have no negative implication against Mr. Ratnikov or any other person, in the Russian Proceeding, this Chapter 15 case, or any other case or proceeding, and neither the Debtor nor his counsel shall, directly or indirectly through a third party or a creditor, make any assertions to the contrary nor use such appointment to their advantage or to the detriment of the Foreign Representative in any jurisdiction.  In the event such assertion are made by any party, Mr. Ratnikov, on expedited notice and hearing, may seek an order of this Court amending this Order seeking to, among other things, immediately obtain control over the RICO Action and termination of the role of the Independent Third-Party.

i. In the event the Foreign Representative is dismissed from the RICO Action (either in accordance with the procedures set forth herein, or pursuant to a further order of the court presiding over the RICO Action), the Independent Third-Party shall transition the RICO Action back to the Foreign Representative (after notice is provided to the Debtor and filed with this Court).

j. The Foreign Representative shall be able to finance and make advance payments to the Independent Third Party for fees and expenses.  Debtor has agreed not to, and shall not, directly or indirectly, object or otherwise contest any requests to the Moscow Court regarding, or any use of, estate funds or third-party financing (consistent with Russian law) that the Foreign Representative uses to fund payments to the Independent Third Party pursuant to the terms of this Order.  Any fees and expenses (including attorneys' fees and costs) advanced for payment to the Independent Third-Party (including without limitation any indemnification or advancement pursuant to clause (l) below) shall be deemed administrative claims and reimbursed by funds realized in connection with one or more of the Subject Litigations or funds recovered from another source of the Debtor's assets, within the Foreign Representatives discretion, prior to the recovered funds being transferred to the Moscow Court.  A redacted statement of fees and expenses (including attorneys' fees and costs) of the Independent Third Party shall be filed monthly with the monthly status report; no fee applications shall be required.

k. In the event that the pending appeal of the RICO Action is resolved in favor of the appellant and is remanded for further proceedings in the trial court, the Independent Third-Party shall continue to administer the RICO Action on behalf of the Debtor, as plaintiff.

7

1. The Independent Third-Party shall have no liability to the Debtor for any actions or omissions relating to the Independent Third-Party's duties under this Order or actions or omissions in connection therewith. The Independent Third-Party shall be indemnified from any loss or liability for, and shall receive advancement of expenses on account of, any claims made against the Independent Third-Party arising from or relating to the Independent Third-Party's duties under this Order or any actions or omissions in connection therewith.

2) In addition to administering the RICO Action, the Independent Third-Party shall be included, copied or otherwise promptly notified by the Foreign Representative on all communications with any defendants in any of the Subject Litigations (or persons known to represent or act on the behalf of such defendants) relating to the Debtor, the Subject Litigations or the assets at issue in such actions; provided that nothing herein shall be construed to obligate the Foreign Representative to waive any privilege or immunity or otherwise disclose any information or communications that is or are privileged or subject to a protective order by any court of competent jurisdiction; and provided further that such communications with the Foreign Representative shall hereby be deemed privileged and confidential between the Foreign Representative and the Independent Third-Party but will not prevent the Independent Third-Party from disclosing such communications to the Court if necessary to support a position taken by the Independent Third-Party before the Court that is adverse to a position taken by the Foreign Representative (prior to any such disclosure, the Independent Third-Party shall not be required to produce any such communications to any third party in any matter). For the avoidance of doubt, the Debtor and the Foreign Representative acknowledge that the foregoing presents practical difficulties in light of the various languages, time zones and parties involved in the underlying issues, as well as the nature of such issues and the sensitivities of settlement discussions generally, may make universal compliance with the foregoing unreasonable or and impractical, and agree that in such instances substantial compliance in good faith shall be sufficient for all purposes hereunder. In such role, the Independent Third-Party shall inform the Court, by status report or on an emergency basis if so warranted, as to the conduct of the Foreign Representative in respect of the foregoing.

3) The Foreign Representative shall bring any proposed sale, settlement, or abandonment to the attention of this Court pursuant to Sections 363 and 554 of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules, as applicable, with respect to the assets of the Debtor within the territorial jurisdiction of the United States, including without limitation the Enforcement Action, Fraudulent Transfer Action, RICO Action or U.S. Judgment. The filing of any such motion or application shall initiate a contested matter as to which Rule 9014 and any other applicable Rules concerning contested matters, including Rules regarding the right of any party in interest to conduct discovery and providing the Debtor with notice pursuant to Rule 2002(a), shall apply, and the Debtor may appear and be heard on such matter as an interested party.

4) The Debtor shall not have the right to interfere, appear or be heard in the District Court on behalf of the plaintiff or judgment creditor in the Enforcement Action or Fraudulent Transfer Action. In the event of developments after entry of this Order that are likely to materially adversely affect the collection or enforceability of the U.S. Judgment, or to increase the likelihood of collecting on or enforcing such judgment, and that are within the scope of any extant injunction issued in the Enforcement Action (each, an "**Enforcement Injunction**"): (i) the Debtor may notify the Independent Third-Party of such developments on a confidential basis; (ii) the Independent Third-Party may, at his or her discretion (including consideration of whether the Foreign Representative is already adequately seeking to enforce the Enforcement Injunction) and prior to or after consulting with the Foreign Representative, file papers (**which papers the Independent Third-Party may seek leave to file** under seal to the extent appropriate) with this Court seeking modification of the Recognition Order and this Order to the extent necessary to allow the Independent Third-Party, or the Debtor, to proceed in the Enforcement Action for the purpose of obtaining an order enforcing any Enforcement Injunction with respect to such developments; and (iii) a closed hearing before this Court on such modification ~~shall~~ **may** be held, in the event of exigent circumstances, on not less than 48 hours written notice to the Foreign Representative and otherwise as may be reasonable under the circumstances or as consented to by the Debtor and by the Foreign Representative. For the avoidance of doubt, (i) the foregoing shall not limit or impair the rights of the Foreign Representative granted under this Order or the Recognition Order in any way, with respect to the Enforcement Action or otherwise, and (ii) no such filings or proceedings shall be sealed or closed with respect to the Foreign Representative. Nothing herein precludes the Debtor from being heard before this Court in respect of the Enforcement Action or Fraudulent Transfer Action.

5) Prior to the 10th day of each month, commencing on September 10th, the Foreign Representative shall file an updated monthly status report describing activities, if any, occurring during the prior month and identifying any deadlines upcoming during the next prospective 40 days relating to the Enforcement Action or Fraudulent Conveyance Action. A status conference shall be held on the 15th of each month before the Court (commencing on September 15, 2021), or as soon thereafter as the Court's calendar allows; unless the parties mutually agree that a conference is not needed for any particular month and timely notify the Court of such agreement.

6) Debtor's counsel shall apprise the Independent Third-Party, as to the RICO Action, and the Foreign Representative, as to the 2014 Action or 2017 Action, of any known deadlines upcoming in the next three months.

7) Unless further ordered by the Court, any recoveries by the Debtor, Foreign Representative, or Independent Third-Party resulting from the Subject Litigations shall be directly deposited into the registry of the Moscow Court, or into an account of the Debtor in a bank in the territorial jurisdiction of Russia and otherwise acceptable to the Foreign Representative, without any deduction of any kind other than to indemnify, compensate or reimburse for fees and expense payments (including attorneys' fees and costs) made to or by the Independent Third-Party as provided for in this Order and

approved by this Court, for the benefit of the creditors with allowed claims against the Debtor as determined by the Moscow Court, and as may be further determined by the Moscow Court to be an appropriate distribution of such funds.

8) Nothing shall prevent the Foreign Representative from, after consultation with the Independent Third-Party, seeking a collective sale or settlement of the Enforcement Action, Fraudulent Transfer Action, the RICO Action and U.S. Judgment, and bringing such proposed sale or settlement before this Court with the Independent Third-Party and the Debtor having the right to be heard as set forth herein. The filing of a motion or application seeking approval of such collective sale or settlement shall initiate a contested matter as to which Rule 9014 and any other applicable Rules concerning contested matters, including Rules regarding the right of any party in interest to conduct discovery and providing the Debtor with notice pursuant to Rule 2002(a), shall apply.

9) The Debtor or Foreign Representative may seek the Court's reconsideration of the relief granted herein upon not less than five business days' notice (unless the Court approves a shorter notice period for cause shown) after any ruling by the Moscow Court, or Russian appellate court, that impacts the propriety of these protections.

; and it is further

**ORDERED** that, the parties have agreed to the terms of this Order, and based on entry of this Order have agreed to waive their right to appeal this Order or the Recognition Order, and the Debtor's pending motion for an examiner [Docket No. 54] is hereby deemed **WITHDRAWN**, and the Debtor shall not seek the appointment of an examiner absent a material change in circumstances warranting such appointment; and it is further

**ORDERED** that, to the extent of any discrepancy between the Recognition Order and this Order, the terms of this Order shall control; and it is further

**ORDERED** that nothing in this Order or the Recognition Order shall be construed to limit or impair the rights, if any, of the Foreign Representative under any applicable law with respect to any transfer of assets by the Debtor made prior to the commencement of this Chapter 15 case; and it is further

**ORDERED** that no action taken by the Foreign Representative in connection with or in furtherance of this Chapter 15 case, or any further proceeding herein, shall be deemed to constitute a waiver of any protections afforded to the Foreign Representative pursuant to

10

sections 306 and 1510 of the Bankruptcy Code, or of any rights of the Debtor in respect of the scope of such protections; and it is further

**ORDERED** that the Foreign Representative shall retain the right to seek, and the Debtor shall retain the right to oppose or limit, further relief from this Court that may be necessary to implement the Russian Proceeding and/or to effectuate the purposes of chapter 15; and it is further

**ORDERED** that this Order shall be effective and enforceable immediately upon entry; and it is further

**ORDERED** that this Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order.

###

Date: August 13, 2021

Sheri Bluebond
United States Bankruptcy Judge

11

AGREED TO:

**BAKER & MCKENZIE LLP**

By: _____

Mark D. Bloom (*Pro Hac Vice*)
Reginald Sainvil (*Pro Hac Vice*)
1111 Brickell Avenue
Suite 1700
Miami, FL 33131
Telephone: (305) 789-8927
Email: mark.bloom@bakermckenzie.com
Email: reginald.sainvil@bakermckenzie.com

- and –

Nicholas Kennedy (State Bar No. 28504)
1900 N. Pearl St.
Suite 1500
Dallas, TX 75201
Telephone: (214) 978-3000
Email: nicholas.kennedy@bakermckenzie.com

- and –

Thomas Tysowsky (State Bar No. 330022)
10250 Constellation Boulevard
Suite 1850
Los Angeles, CA 90067
Telephone: (310) 201-4728
Email: Thomas.Tysowsky@bakermckenzie.com

*Counsel for the Debtor*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1800 Avenue of the Stars, 12th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*):
**STATEMENT REGARDING THE THIRD STATUS REPORT OF THE INDEPENDENT THIRD PARTY**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/10/2021 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Destiny N Almogue**   destiny.almogue@skadden.com, dlmlclac@skadden.com;wendy.lamanna@skadden.com
- **Eryk R Escobar**   eryk.r.escobar@usdoj.gov, Hatty.yip@usdoj.gov
- **David B Golubchik**   dbg@lnbyb.com, stephanie@lnbyb.com
- **Nicholas O Kennedy**   nicholas.kennedy@bakermckenzie.com, karen.wagner@bakermckenzie.com;Nathaniel.Wilkes@bakermckenzie.com;Carmen.Ayala@bakermckenzie.com;Nada.Hitti@bakermckenzie.com
- **Hamid R Rafatjoo**   hrafatjoo@raineslaw.com, bclark@raineslaw.com
- **Thomas Tysowsky**   thomas.tysowsky@bakermckenzie.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 11/10/2021 who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Sheri Bluebond
United States Bankruptcy Judge
255 E. Temple Street, Suite 1534
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/10/2021 | Bambi Clark | /s/ Bambi Clark |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

2918364.1